```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                     Civil No. 14-1687(DSD/HB)
```

Dennis Ordahl,

        Plaintiff,

v.                                   **ORDER**

Toro,

        Defendant.

    Dennis Ordahl, 908 West 80-1/2 Street, Bloomington, MN 55420, pro se.

    Douglas R. Christensen, Esq., Emily A. McNee, Esq. and Littler Mendelson, PC, 80 South 8th Street, Suite 1300, Minneapolis, MN 55402, counsel for defendant.

    This matter is before the court upon the motion for judgment on the pleadings by defendant The Toro Company. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion.

## BACKGROUND

    This employment dispute arises out of pro se plaintiff Dennis Ordahl's eventual termination from Toro on March 12, 2013. Ordahl began working as a machinist for Toro on August 4, 2004. Ordahl requested an accommodation in the form of a ten-minute walking break every two hours. Toro granted the request. In June 2007, Ordahl became a tool and die maker for the company. On April 20, 2010, Toro informed Ordahl that his position as a tool and die maker was being eliminated for economic reasons. Toro then moved

Ordahl back to a machinist position for the same pay he received as a tool and die maker. Ordahl seems to allege that the tool and die position required only minimal accommodation, but that the machinist position required more extensive accommodation.[1] Am. Compl. ¶ 14.

On May 27, 2011, Ordahl filed a charge with the Equal Employment Opportunity Commission (EEOC), which he cross-filed with the Minnesota Department of Human Rights (MDHR), alleging that he was removed from the tool and die position because of his disability. Christensen Aff. Ex. A. He also alleged that Toro denied his reasonable accommodation request to return to the tool and die position, but admits that he did not apply for two posted positions within that department following his reassignment back to the machinist position. Id.; id. Ex. C, at 1. The EEOC dismissed the charge as untimely on March 11, 2014, and the MDHR determined that the charge lacked probable cause on March 29, 2013.[2] Id. Exs. D, F.

On February 26, 2013, Ordahl filed a second charge of discrimination with the MDHR, alleging that Toro failed to reasonably accommodate his disability in 2012 and 2013 and that Toro's failure to do so was, at least in part, in retaliation for

---

[1] Ordahl makes this allegation despite the fact that he worked as a machinist with minimal accommodation from August 2004 to June 2007.

[2] The MDHR affirmed its denial on May 8, 2013. Id. Ex. E.

2

his previous charge of discrimination. Id. Ex. G. The MDHR dismissed the charge on May 15, 2014, concluding that there was no probable cause to support a finding that Toro discriminated or retaliated against Ordahl.[3] Id. Ex. H.

Toro placed Ordahl on short-term disability on March 14, 2012, and terminated his employment on March 14, 2013. Ordahl then commenced the instant action on May 28, 2014. Ordahl alleged no facts or legal theories supporting his complaint, but attached the EEOC and MDHR documents dismissing his first charge of discrimination. On June 26, 2014, Ordahl filed an amended complaint asserting claims for disability discrimination and reprisal under the Americans with Disabilities Act (ADA). The amended complaint specifically references alleged discrimination and reprisal occurring in 2012 and 2013. Toro now moves for judgment on the pleadings.

**DISCUSSION**

**I. Standard of Review**

The same standard of review applies to motions under Federal Rules of Civil Procedure 12(c) and 12(b)(6). Ashley Cnty., Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009). Thus, to survive a motion for judgment on the pleadings, "a complaint must contain

---

[3] The MDHR affirmed its second denial on July 22, 2014. Id. Ex. I.

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Braden v. Wal–Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (citation and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).

The court does not consider matters outside of the pleadings under Rule 12(c). Fed. R. Civ. P. 12(d). The court, however, may consider matters of public record and materials that do not contradict the complaint, as well as materials that are "necessarily embraced by the pleadings." Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citation and internal quotation marks omitted). In this case, the EEOC and MDHR charges and determinations are necessarily embraced by the pleadings and are properly considered.

4

**II. Limitations Period**

Toro argues, among other things, that the amended complaint should be dismissed as untimely. At the outset of this discussion, the court notes that the parties disagree as to whether the first or second charge of discrimination, or both, supports the amended complaint. The court need not resolve that issue, however, because under either case, Ordahl's claims fail as a matter of law.

First, assuming that the first charge of discrimination underlies the amended complaint, Toro specifically argues that Ordahl failed to timely file his charges of discrimination with the EEOC and MDHR and that his complaints filed in this court are also untimely. Even liberally construing the pleadings, the court agrees. See Stuart v. Gen. Motors Corp., 217 F.3d 621, 631 (8th Cir. 2000)(the court construes administrative charges liberally, permitting a plaintiff to "seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge" (citation and internal quotation marks omitted)).

An ADA plaintiff must first exhaust administrative remedies by filing a charge with the EEOC within 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1); see also Wilson v. Brinker Int'l, Inc., 382 F.3d 765, 769 (8th Cir. 2004). Similarly, a claim under the Minnesota Human Rights Act (MHRA) must be filed within 365 days of the alleged discriminatory

5

conduct. Minn. Stat. § 363A.28, subd. 3. The limitations period is triggered by occurrence of the discriminatory act, not "when the consequences of that act become most painful." Turner v. IDS Fin. Servs., Inc., 471 N.W.2d 105, 108 (Minn. 1991).

Ordahl filed his first charge of discrimination with the EEOC and MDHR on May 27, 2011, alleging that he was reassigned to a machinist position due to his disability on April 20, 2010. Given that Ordahl filed the charges more than one year after the alleged discrimination occurred, his charges were untimely under both the ADA and the MHRA. For this reason, Ordahl's claim, to the extent it is based on the first charge of discrimination, is untimely and must be dismissed.

**III. Failure to Exhaust**

If based on the second charge of discrimination, Ordahl's amended complaint also fails as a matter of law. Ordahl filed a second charge with the MDHR based on alleged violations of the MHRA on February 26, 2013. Christensen Aff. Ex. G, at 2. Ordahl notably did not cross-file or file a separate charge with the EEOC. Id. On July 22, 2014, the MDHR affirmed its denial of the second charge. Id. Ex. I. Ordahl's amended complaint, filed on June 26, 2014, seems to match the factual allegations raised in the second charge, but is grounded in the ADA, rather than the MHRA. See Am. Compl. ¶¶ 1, 25, 32, 33, 36. Because Ordahl never filed a second charge of discrimination with the EEOC and thus never received a

right-to-sue letter, he failed to exhaust his administrative remedies and is consequently precluded from filing suit under the ADA. See Shelton v. Boeing Co., 399 F.3d 909, 912 (8th Cir. 2005) ("Exhaustion of administrative remedies is a condition precedent to the filing of an action under the [ADA] in federal court.").[4]

Ordahl argues that he intended to file his claims under the MHRA rather than the ADA, and that he should be permitted to amend his complaint accordingly. The court disagrees. Ordahl expressly brought his claims under the ADA, despite knowing the difference between the ADA and MHRA as evidenced by his administrative filings. Although Ordahl's pleadings must be liberally construed, the court is not required to "invent[], ex nihilo, a claim which simply was not made." Shannon v. Ford Motor Co., 72 F.3d 678, 685 (8th Cir. 1996). Nor is the court required to allow Ordahl a third bite at the same apple. As a result, dismissal of Ordahl's claims is warranted.

Even if the court were inclined to interpret Ordahl's ADA claims as brought under the MHRA, such claims would be untimely because Ordahl did not bring suit within the 45-day period required by Minnesota law. See Minn. Stat. § 363A.33, subd. 1(2) (requiring a civil action to be filed "within 45 days after receipt of notice

---

[4] Any attempt to characterize Ordahl's claim as a continuing violation would likewise fail because the amended complaint includes references to conduct starting in February 2012, more than one year after he filed his first charge of discrimination. Christensen Aff. Ex. G, at 1.

7

that the commissioner has reaffirmed a determination of no probable cause"). The MDHR affirmed its denial of Ordahl's second charge of discrimination on July 22, 2014, but Ordahl did not serve Toro with the amended complaint until October 9, 2014. ECF No. 16; see also McKenzie v. Lunds, Inc., 63 F. Supp. 2d 986, 1001 (D. Minn. 1999) ("State rules for the service of process apply to pendent State law claims" and under Minnesota law, an action is commenced on the service of process, not the filing of the complaint).

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion for judgment on the pleadings [ECF No. 27] is granted; and

2. The case is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 28, 2015

                                                s/David S. Doty
                                                David S. Doty, Judge
                                                United States District Court